Matter of Associated Gen. Contrs. of N.Y. State, LLC v New York State Dept. of Labor (2024 NY Slip Op 01968)

Matter of Associated Gen. Contrs. of N.Y. State, LLC v New York State Dept. of Labor

2024 NY Slip Op 01968

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

CV-23-1911
[*1]In the Matter of Associated General Contractors of New York State, LLC, et al., Appellants,
v
New York State Department of Labor et al., Respondents.

Calendar Date:February 16, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Powers, JJ.

Couch White, LLP, Albany (Charles G. Carluccio of counsel), for appellants.
Letitia James, Attorney General, New York City (Joseph M. Spadola of counsel), for respondents.

Clark, J.
Appeal from a judgment of the Supreme Court (Anthony McGinty, J.), entered October 5, 2023 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' cross-motion to dismiss the petition/complaint.
Following the promulgation of 12 NYCRR 222.2 (c)[FN1] (hereinafter the challenged regulation), petitioners — various construction industry participants — commenced the instant combined proceeding pursuant to CPLR article 78 and action for declaratory judgment. According to petitioners, the challenged regulation required them to pay unduly burdensome costs because it mandated the payment of prevailing wages to truckers hauling aggregate materials from within a 50-mile radius of a worksite. Petitioners contended that the challenged regulation exceeded respondents' authority and violated the separation of powers doctrine; violated the Equal Protection clauses of the State and Federal Constitutions; was unlawful, arbitrary and capricious; and was adopted in violation of the State Administrative Procedure Act. As such, petitioners sought to have the challenged regulation annulled, and they moved for a preliminary injunction staying its enforcement during the pendency of the proceedings. Respondents cross-moved to dismiss the petition arguing, among other things, that Supreme Court lacked jurisdiction; petitioners opposed the cross-motion. Following oral argument on the motions, Supreme Court found that it lacked jurisdiction, granted the cross-motion to dismiss and dismissed the petition. Petitioners appeal.
We affirm. Pursuant to the statutory scheme, a challenge to the validity of a regulation instituted by respondent Commissioner of Labor must first be brought before the Industrial Board of Appeals (hereinafter IBA) (see Labor Law § 101). The IBA is empowered to consider arguments about the validity of any such regulation, including constitutional challenges (see Labor Law § 101 [1]; see e.g. Matter of Cha v New York State Indus. Bd. of Appeals, 204 AD3d 602, 603 [1st Dept 2022]; Matter of Reardon v Global Cash Card, Inc., 179 AD3d 1228, 1230-1232 [3d Dept 2020], appeal dismissed 35 NY3d 1001 [2020]; cf. Matter of National Rest. Assn. v Commissioner of Labor, 141 AD3d 185, 190-194 [3d Dept 2016]). The IBA may stay enforcement of a regulation against the petitioner challenging its validity, and it may revoke, amend or modify a regulation it finds invalid (see Labor Law § 101 [2], [3]). Any party aggrieved by a decision issued by the IBA may then seek judicial review of that decision (see Labor Law § 102 [1]). Absent review by the IBA, however, "no court shall have jurisdiction to review or annul any such provision, rule, regulation or order or to restrain or interfere with its enforcement" (Labor Law § 103 [1]; see 53A NY Jur 2d, Employment Relations § 819). Here, it is uncontroverted that petitioners failed to file a petition with the IBA and that the IBA did not review any of petitioners' [*2]arguments aimed at invalidating the challenged regulation; such a failure left Supreme Court without jurisdiction to hear these proceedings (see Labor Law §§ 102 [1]; 103 [1]; cf. Lyell Party House, Inc. v New York State Dept. of Labor, Commr., 190 AD3d 1046, 1048 [3d Dept 2021]; Matter of Guendjian v Reardon, 170 AD3d 1288, 1289-1290 [3d Dept 2019]). Consequently, Supreme Court properly dismissed the petition.
In light of this determination, petitioners' remaining contentions have been rendered academic.
Egan Jr., J.P., Lynch, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: 12 NYCRR 222.2 (c) requires that, for purposes of Labor Law § 220, "[p]revailing wage shall be paid for work performed within a 50-mile radius of a worksite involving the delivery of aggregate supply construction materials from a vendor of aggregate supply construction materials, such as a plant or quarry, to a worksite, except prevailing wage shall not be paid to direct employees of a supplier of aggregate supply construction materials, when making a single delivery in a given day."